Case 4:21-cv-00106   Document 11   Filed on 03/15/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAWRENCE KALYANA RANDELL HICKS SR, §<br>§<br>    Plaintiff, §<br>VS. §<br>§<br>KEIVAN  SHAHABI, §<br>§<br>    Defendant. § | <br><br><br>CIVIL ACTION NO. 4:21-CV-106<br> |

# ORDER OF DISMISSAL

Plaintiff Lawrence Kalyana Randell Hicks, Sr. filed suit under 42 U.S.C. § 1983 against Keivan Shahabi, alleging violations of his constitutional rights. According to the complaint, Shahabi is an attorney in private practice. Hicks alleges that Shahabi approached Hicks after Hicks was injured in an accident, persuaded Hicks to retain him as his attorney, and subsequently coerced him to borrow money for expenses to Hicks' financial detriment.

The jurisdiction of federal courts is limited only to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)); *Scarlott v. Nissan North Amer., Inc.*, 771 F.3d 883, (5th Cir. 2014) ("Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.' ") (quotation omitted). Because of the limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction ─ even if the

parties do not raise this issue — before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32.

> To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir.1994). For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir.1989).

*Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Hicks makes no allegation that Shahabi, an attorney in private practice, conspired with or acted in concert with any state actor in committing the acts alleged in the complaint. The only connection that Hicks draws to the State is to note that Shahabi is licensed by the Texas State bar. This does not identify any state action in connection with Shahabi's alleged wrongs. Because Hicks fails to allege any action taken under color of law, and because both he and Shahabi are residents of Texas, Hicks fails to state

any basis for federal jurisdiction. Accordingly, it is ORDERED that the Complaint (Doc. # 1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED on this 15th day of March, 2021.

_____
Kenneth M. Hoyt
United States District Judge